## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 18-cv-00584 |
| | ) | |
| JASON P. MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The United States of America ("United States"), for itself and on behalf of its agency, the Federal Aviation Administration ("FAA"), by and through its undersigned counsel, for its Complaint against Defendant, Jason P. Miller, alleges as follows:

1.      This action is brought by the United States of America to recover civil penalties in the sum of $79,200 from Defendant Jason P. Miller under 49 U.S.C. § 46301(a).

2.      This Court has subject matter jurisdiction over this action under 49 U.S.C. §§ 46301(d)(4), 46305; and 28 U.S.C. § 1345.

3.      This Court has personal jurisdiction over the Defendant and venue is proper in this district under 49 U.S.C. § 46106 and 28 U.S.C. §§ 1391(b), 1395, because the Defendant can be found in, resides in, has transacted business in, and/or a substantial part of the events or omissions giving rise to this claim occurred in the District of Maryland.

4.      On or about September 12, 2007, Defendant became the holder of Mechanic Certificate Number 3262876, with Airframe and Powerplant ratings ("Mechanic Certificate"), issued under 14 C.F.R. part 65.  Exhibit 1 at 2.

5.      On or before January 8, 2009, Defendant worked at Mercury Air Services, d/b/a Air Services ("Air Services"), in Cleveland, OH, the holder of Air Agency Certificate Number YDGR883X, with Repair Station privileges issued under 14 C.F.R. part 145 of the Federal Aviation Regulations.  In this capacity, he performed aircraft maintenance and preventative maintenance.  Exhibit 2 at 1.

6.      On or about January 8, 2009, Defendant arrived to work at approximately 8:31pm with bloodshot eyes.  Other Air Services employees observed that Defendant's speech was slurred, he had difficulty keeping his eyes open, and had poor motor skills.  He appeared to be under the influence.  Exhibit 2 at 2.

7.      Based on Defendant's behavior on January 8, 2009, Air Services asked him to submit to a reasonable cause drug test in accordance with 14 C.F.R. part 121, appendix I, § V.D. Exhibit 2 at 3.

8.      The FAA adopted drug testing regulations in the interest of air safety and public safety.  Preventing mechanics under the influence of drugs or alcohol to work on aircraft reduces the risk of deadly mistakes and mass casualties.  Exhibit 2 at 4.

9.      Approximately five hours later, on or about the early morning of January 9, 2009, Defendant submitted to a drug test conducted by a certified blood alcohol technician and urine collector (the "Collector").  Exhibit 2 at 3.

10.      Defendant took a breath alcohol test, which resulted in a .000 result.    Exhibit 2 at 3.

11.      The Collector then began the urine specimen collection process and asked Defendant to remove his outer coat and empty his pockets.  Exhibit 2 at 3.

12.      Defendant refused to submit to a urine drug test.  Exhibit 2 at 3.

13.     The Collector told Defendant that he would be taken off the job if he did not provide a urine sample.  Exhibit 2 at 3.

14.     Defendant again refused to provide a urine sample.  Exhibit 2 at 3.

15.     On or about March 30, 2009, Defendant took a job at Piedmont Airlines, Inc., ("Piedmont") the holder of air carrier certificate number HNNAA001A, authorized to operate aircraft under 14 C.F.R. part 121 of the Federal Aviation Regulations, to perform safety-sensitive duties.  Exhibit 4 at 5.

16.     Defendant lied on his employment application for Piedmont, falsely indicating that he had never refused to submit to a drug or alcohol test under FAA regulations.  Exhibit 4 at 4.

17.     Piedmont hired Defendant to perform maintenance at Salisbury-Ocean City – Wicomico Regional Airport in Salisbury, MD, on DeHavilland DHC8-102-300 aircraft operated by Piedmont, in part 121 operations.  Exhibit 6 (describing Piedmont's operations).

18.     Despite refusing to submit to a drug test required by subpart E of 14 C.F.R. part 120, Defendant never completed the requirements of that subpart for returning to the performance of safety-sensitive duties.  Exhibit 5 at 1.

19.     On or about April 10, 2009, FAA issued an Emergency Order of Revocation ("EOR") revoking Defendant's Mechanic Certificate.  Exhibit 2.

20.     FAA issued the EOR because of Defendant's refusal to submit to the reasonable cause drug test on or about January 9, 2009, contrary to 49 C.F.R. §40.191(a)(3).  Exhibit 2.

21.     Defendant received the EOR in the mail on or about April 13, 2009.  Exhibit 2 at 9.

22.     Defendant did not appeal the EOR.  Exhibit 3 at 1.

23.     Despite the fact that FAA revoked his Mechanic Certificate, Defendant continued to perform maintenance on approximately thirty-six DeHavilland DHC8-102-300 aircraft operated by Piedmont during the period from at least on or about July 20, 2012 to May 20, 2015.  Exhibit 7 (spreadsheet listing services performed).

24.     While employed at Piedmont from 2012 to 2015, Defendant returned aircraft to service after performing maintenance, preventive maintenance, or alterations on aircraft, airframe, aircraft engines, propellers, appliances, and/or components.   He also performed Required Inspection Item ("RII") inspections.  Exhibit 7.

25.     Defendant performed maintenance on the following aircraft on the following dates (*See* Exhibit 7):

      (a)     N326EN - October 25, 2013, October 6, 2014, October 12, 2014, October 14, 2014, April 7, 2015, April 9, 2015, April 10, 2015, April 13, 2015, April 29, 2015, May 2, 2015, May 12, 2015, May 18, 2015, May 20, 2015.

      (b)     N327EN – April 1, 2014, June 3, 2014, October 28, 2014, February 10, 2015, April 13, 2015.

      (c)     N328EN – February 24, 2014, April 29, 2014, May 12, 2014.

      (d)     N329EN – November 26, 2013, January 19, 2014, April 14, 2014, October 27, 20-14, October 28, 2014.

      (e)     N330EN – March 3, 2013, February 17, 2014, June 2, 2014, March 9, 2015.

      (f)     N331EN – January 13, 2014, May 6, 2014, July 1, 2014, October 20, 2014, December 6, 2014, December 15, 2014, March 3, 2015.

      (g)     N335EN – September 4, 2013, May 9, 2014, June 24, 2014, October 3, 2014, October 4, 2014.

      (h)     N336EN – September 2, 2013, January 6, 2014, February 18, 2014, August 5, 2014, December 9, 2014.

      (i)     N337EN - September 10, 2013, May 6, 2014, May 26, 2014, October 13, 2014.

(j)     N343EN – January 14, 2014, July 21, 2014, October 7, 2014, November 17, 2014, December 2, 2014, January 5, 2015, March 23, 2015, March 31, 2015, April 21, 2015.

(k)     N804EX – February 3, 2014, May 13, 2014, May 23, 2014, June 9, 2014, December 29, 2014.

(l)     N805EX – April 11, 2014, April 12, 2014, June 2, 2014, September 12, 2014, September 13, 2014, December 30, 2014, April 21, 2015.

(m)    N806EX – May 3, 2013, June 28, 2013, March 8, 2014, April 15, 2014, April 17, 2014, April 18, 2014, May 10, 2014, May 11, 2014, November 3, 2014, November 14, 2014, November 15, 2014, April 17, 2015, April 19, 2015.

(n)     N807EX – February 1, 2014, February 2, 2014, February 25, 2014, March 31, 2014, April 1, 2014, April 25, 2014, April 26, 2014, April 29, 2014, May 3, 2014, May 18, 2014, September 15, 2014, September 16, 2014, February 27, 2015, February 28, 2015.

(o)     N808EX – January 14, 2014, January 27, 2014, July 18, 2014, July 19, 2014, November 10, 2014, February 6, 2015, February 8, 2015.

(p)     N809EX – November 1, 2013, November 18, 2013, January 4, 2014, February 3, 2014, February 24, 2014, April 18, 2014, April 20, 2014, April 21, 2014, April 26, 2014, May 20, 2014, July 15, 2014, July 24, 2014, September 1, 2014, September 28, 2014, September 29, 2014, November 17, 2014.

(q)     N820EX – February 10, 2014, March 24, 2014, July 29, 2014, August 22, 2014, November 18, 2014, January 13,2015, February 20, 2015.

(r)     N812EX – December 2, 2013, February 4, 2014, July 15, 2014, July 20, 2014, August 4, 2014, September 1, 2014, September 2, 2014, December 1, 2014, December 30, 2014, January 26, 2015.

(s)     N814EX – January 28, 2014, March 11, 2014, November 4, 2014, November 7, 2014, December 8, 2014, April 14, 2015.

(t)     N815EX – January 7, 2014, April 8, 2014, September 22, 2014, September 28, 2014, September 29, 2014, November 4, 2014, November 8, 2014, November 10, 2014, November 17, 2014, November 18, 2014, January 5, 2015, May 5, 2015.

(u)     N816EX – June 28, 2013, April 29, 2014, May 20, 2014, June 6, 2014, November 24, 2014, December 26, 2014, December 27, 2014, January 2, 2015, January 3, 2015, January 30, 2015, February 24, 2015, March 23, 2015, March 31, 2015.

(v)     N837EX – February 26, 2013, January 21, 2014, February 25, 2014, September 8, 2014.

(w)     N838EX – January 7, 2014, February 7, 2014, February 8, 2014, May 13, 2014, June 9, 2014.

(x)     N839EX – January 28, 2014, January 18, 2015, January 19, 2015, January 20, 2015, March 17, 2015, March 21, 2015.

(y)     N930HA – April 12, 2013, March 4, 2014, April 21, 2014, June 29, 2014, July 25, 2014, August 30, 2014, December 5, 2014, March 23, 2015, March 24, 2015, April 11, 2015.

(z)     N931HA – January 20, 2014, January 27, 2014, August 1, 2014.

(aa)    N933HAS – June 2, 2014, August 25, 2014.

(bb)    N935HA – May 30, 2014,  May 31, 2014, June 1, 2014, August 12, 2014, September 26, 2014, January 9, 2015, January 10, 2015, April 13, 2015.

(cc)    N936HA – September 6, 2013, May 5, 2014, May 6, 2014, May 12, 2014, May 27, 2014, May 31, 2014, July 20, 2014, ,July 21, 2014, October 10, 2014, October 31, 2014, November 1, 2014, November 3, 2014, November 4, 2014.

(dd)    N937HA – July 20, 2012, May 17, 2013, August 9, 2013, February 3, 2014, August 5, 2014, August 21, 2014, August 29, 2014, November 11, 2014, January 10, 2015.

(ee)    N938HA – July 26, 2013, January 5, 2014, February 18, 2014, December 30, 2014, October 20, 2014.

(ff)    N940HA –July 12, 2013, December 9, 2013, July 7, 2014, August 15, 2014, September 29, 2014, December 8, 2014, December 26, 2014, December 29, 2014.

(gg)    N941HA – November 22, 2013, July 25, 2014, July 26, 2014, August 19, 2014, April 20, 2015, April 24, 2015.

(hh)    N942HA – January 10, 2014, February 4, 2014, May 5, 2014, May 27, 2014, July 28, 2014, September 30, 2014, October 17, 2014.

     (ii)     N943HA – February 14, 2014, May 26, 2014, December 15, 2014, December 16, 2014, February 14, 2015, February 15, 2015.

     (jj)     N975HA – August 5, 2014, December 9, 2014,, February 14, 2015, March 5, 2015, March 7, 2015, March 25, 2015, April 9, 2015.

26. Defendant performed the maintenance referenced in the previous paragraphs knowing FAA had revoked his Mechanic Certificate and that he was unauthorized to perform maintenance. Exhibit 2 at 9 (delivery confirmation).

27. Defendant performed the maintenance referenced in the previous paragraphs when he knew he had not completed the requirements for returning to the performance of safety-sensitive duties following refusal to submit to a drug test, and that he was thus unauthorized to perform safety-sensitive duties, including maintenance. Exhibit 5 at 1 (referencing failure to meet return-to-duty requirements).

28. On or about June 25, 2015, FAA informed Defendant that he was under investigation for the above-referenced violations of FAA regulations. He was given an opportunity to respond to the allegations. Defendant received this notice on or about June 27, 2015. Exhibit 5 at 1.

29. Defendant never responded to the allegations.

**COUNT 1 - VIOLATIONS OF 14 C.F.R. § 43.3(a)**

30. The United States realleges and incorporates the preceding paragraphs.

31. 14 C.F.R. §43.3(a) states in relevant part that no person may maintain, rebuild, alter, repair, or perform preventive maintenance on an aircraft, airframe, aircraft engine, propeller, appliance, or component part without a valid Mechanic Certificate.

32.     Defendant violated 14 C.F.R. § 43.3(a) by performing maintenance, preventative maintenance, repairs and/or alterations on approximately thirty-six aircraft without a valid Mechanic Certificate while employed at Piedmont.

33.     Under 49 U.S.C. § 46301(a), Defendant is subject to a civil penalty not to exceed $1,100 for each violation of the Federal Aviation Regulations.

## COUNT 2 - VIOLATIONS OF 14 C.F.R. § 120.33(c)

34.     The United States realleges and incorporates the preceding paragraphs.

35.     14 C.F.R. § 120.33(c) states in relevant part that no individual shall perform any safety-sensitive function if that individual refused to submit to a drug test and has not met the requirements of that subpart for returning to the performance of safety-sensitive duties.

36.     14 CFR § 120.105(e) defines safety-sensitive duty to include aircraft maintenance and preventative maintenance.

37.     Defendant violated 14 C.F.R. § 120.33(c) by performing safety-sensitive functions on approximately 36 aircraft after refusing to submit to a urine drug test and failing to meet the requirements to return to work.

38.     Under 49 U.S.C. § 46301(a), Defendant is subject to a civil penalty not to exceed $1,100 for each violation of the Federal Aviation Regulations.

WHEREFORE, the United States demands judgment against Defendant Jason P. Miller in the amount of $79,200, together with costs and interest from the date of entry of judgment, consisting of the following:

A.      For Count 1, $39,600 for thirty-six violations of 14 C.F.R. § 43.3(a), as authorized by 49 U.S.C. § 46301(a).

B.      For Count II, $39,600 for thirty-six violations of 14 C.F.R. § 120.33(c), as authorized by 49 U.S.C. § 46301(a).

Respectfully submitted,

Stephen M. Schenning
Acting United States Attorney

By:      _____/s/_____

Molissa Farber (Bar No. 802255)
Assistant United States Attorney
36 South Charles Street, 4th Floor
Baltimore, MD 21201
Ph: (410) 209-4862
Fx: (410) 962-2310

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February 2018, I served a copy of the instant complaint by filing it with the Clerk of the Court under the Court's CM/ECF system, which electronically transmits a copy to the registered participants as identified on the Notice of Electronic Filing, and paper copies were mailed by first class mail, postage prepaid, to those identified as nonregistered participants:

Jason P. Miller
5840 Brandywood Lane
Salisbury, MD 21801

Jason P. Miller
1519 Anchors Way
Salisbury, MD 21801

                                        _____/s/_____
                                        Molissa H. Farber
                                        Assistant United States Attorney